FILED
2024 Nov-01 PM 04:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **PAMELA MCCULLERS, an individual;** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.:** _____ |
| ) | |
| **KOCH FOODS OF ALABAMA, LLC; KOCH FOODS OF ASHLAND LLC; KOCH FOODS, INC.; and FICTITIOUS PARTIES** ) | |
| ) | |

No. 1, whether singular or plural, plaintiff hereby intending to designate **the supervisor or party having authority of over Plaintiff** on the occasion made the basis of this lawsuit and whose negligent, wanton and/or wrongful conduct caused the injuries suffered by Plaintiff;

No. 2, whether singular or plural, plaintiff hereby intending to designate **the human resources manager of Defendants** on the occasion made the basis of this lawsuit and whose negligent, wanton and or wrongful conduct caused the injuries suffered by Plaintiff;

No. 3, whether singular or plural, plaintiff hereby intending to designate **the safety manager of Defendants** on the occasion made the basis of this lawsuit and whose negligent, wanton and/or wrongful conduct caused the injuries suffered by Plaintiff;

No. 4, whether singular or plural, plaintiff hereby intending to designate **the hiring manager of Defendants** on the occasion made the basis of this lawsuit and whose negligent, wanton and/or wrongful conduct caused the injuries suffered by Plaintiff;

No. 5, whether singular or plural, plaintiff hereby intending to designate **the entity/employee who propounded company policies for Defendants** on the occasion made the basis of this lawsuit and whose negligent, wanton and/or wrongful conduct caused the injuries suffered by plaintiff;

No. 6, whether singular or plural, plaintiff hereby intending to designate **the entity/employee responsible for employee discipline at Defendants' plant(s)** on the occasion made the basis of this lawsuit and whose negligent, wanton and/or wrongful conduct caused the injuries suffered by the plaintiff;

No. 7, whether singular or plural, plaintiff hereby intending to designate **that person or entity or those entities who or which were the employer, master or principal of the hiring manager, safety manager, safety supervisor, plaintiff's supervisor and/or the employee or employees who made decisions to reprimand/terminate plaintiff from employment with defendants** on the occasion made the basis of this lawsuit;

No. 8, whether singular or plural, plaintiff hereby intending to designate **that person or firm or corporation who or which destroyed, discarded, fabricated, altered or otherwise spoliated evidence relevant to the collision made the basis of this suit**;

No. 9, whether singular or plural, plaintiff hereby intending to designate **that entity or those entities other than those entities described above, which is the successor in interest in any of those entities described above.** Plaintiff avers that the identities of the fictitious party defendants are otherwise unknown a this time, or if their names are known to Plaintiff at this time, their identities as proper party Defendants are not known to Plaintiff at this time, but their true names will be substituted by amendment when ascertained.

**Defendants.**

_____

## COMPLAINT

The Plaintiff, Pamela McCullers, brings this Complaint against the Defendants, Koch Foods of Alabama, LLC, Koch Foods of Ashland, LLC, and Koch Foods, Inc., collectively, "Koch Foods," and for her cause of action states the following:

## PARTIES

1.      The Plaintiff, Pamela McCullers, is over the age of 21 and at all times pertinent to this Complaint and is a resident citizen of Clay County, Alabama.

2.      Defendant Koch Foods of Alabama, LLC and Defendant Koch Foods of Ashland, LLC are Alabama limited liability companies located in Alabama. Koch Foods, Inc. is a foreign corporation with its principal place of business in Illinois. Defendant Koch Foods, Inc. is the sole member of Defendant Koch Foods of Alabama, LLC and Defendant Koch Foods of Alabama, LLC is the sole member of Defendant Koch Foods of Ashland, LLC. All three are in the business of processing, marketing, packaging, and selling chicken products. The Koch Foods Defendants were responsible for the hiring, discrimination, and negligence which is the subject of Plaintiff's Complaint.

3.      The Defendants are so intertwined contractually for each other's liabilities that they are essentially one entity regarding the allegations in this Complaint. For example, Koch Foods of Ashland, LLC is responsible for implementing and following policies and procedures adopted by Koch Foods of Alabama, LLC and Koch Foods, Inc. Further, Koch Foods of Alabama is responsible for implementing and adhering to policies and procedures adopted by Koch Foods, Inc.

## JURISDICTION AND VENUE

4.      This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Plaintiff exerts claims arising under the laws of the United States.

5.      Venue is proper under 28 U.S.C § 1391(b)(2). The event that caused Pamela McCullers' damages, prompting this lawsuit for which the defendants are liable, took place in Clay County, Alabama.

## FACTS

6.      Plaintiff was hired by Koch Foods on August 12, 2013, as a licensed practical nurse at their Ashland, Alabama location.

7.      In February 2018, Plaintiff was approached by Koch Foods employee, Cenetta Towns with accusations that the company was stealing Ms. Towns' time. In April 2018, Ms. Towns reported a foot injury to Plaintiff in the nursing office. Plaintiff took her to the emergency department, and she was instructed by the physician to return to work.

8.      Throughout April 2018, Ms. Towns continued to repeatedly report to the nursing office with complaints about her foot, with growing animosity about the injury and return to work forms. On May 29, 2018, Ms. Towns poked Plaintiff in her left eye with her fingernail and cursed at Plaintiff. Plaintiff reported the injury to

Koch Foods. The Safety Manager refused to add the incident to the accident report list when requested by Plaintiff.

9.     In April 2019, Koch Foods brought in Michael Burton as a new hire. Mr. Burton had previously been terminated after throwing rocks at Plaintiff and another employee in the parking lot and stating he was going to kill Plaintiff. Mr. Burton was supposed to be on Koch Foods' no hire list.

10.    In April 2020, a Koch Foods employee came into the nursing office and reported to Plaintiff that a household member had tested positive for Covid-19. Plaintiff sent the employee home. The following day, that same employee brought other employees to work. Plaintiff, following Koch Foods' policies, tested the other employees' temperatures. One had a fever. Plaintiff sent both employees home. Plaintiff sent an email to the Safety Manager with concerns about HIPAA violations occurring with the company's Covid policies. Plaintiff was later reported to the nursing board for following the company's Covid policies and was informed by the Koch Foods Human Resources Manager that she would be responsible for paying for her own attorneys to defend her nursing license.

11.    On August 24, 2021, a Koch Foods superintendent pinned Plaintiff in her chair, yelled at her, cussed at her, spit on her, stuck his finger in her face and threatened to knock her head off. Plaintiff reported the incident to her acting supervisor and the night shift manager. Plaintiff never received any information back

from human resources or her supervisor regarding the incident and only received a halfhearted apology from the superintendent with a statement that HR said they must get along.

12.    On September 14, 2021, Plaintiff became aware that the former employee who had reported her to the nursing board was being rehired. Plaintiff sent an email reminding the Safety Manager that the employee was supposed to be on the no hire list. Plaintiff's Safety Manager responded that the employee would be going through orientation.

13.    In December 2021, Plaintiff was informed that nurses will be required to take a 30-minute lunch break. Plaintiff responded with her concerns about her inability to take a full 30-minute break due to being the only nurse on night shift. Plaintiff also informed supervisors of her concern that the lunch-break requirement went against her employment contract.

14.    In May 2022, Koch Foods attempted to re-hire Ms. Towns who had previously assaulted Plaintiff. Plaintiff reminded supervisors and human resources that Ms. Towns was supposed to be on the no hire list. Ms. Towns was rehired three times although she was supposed to be on the no hire list due to safety concerns.

15.    In August 2022, Plaintiff treated a patient who suffered a scratched cornea from broken plexiglass. Plaintiff reported that the eye wash station was not operative and this made it difficult for her to properly treat the patient. Plaintiff also

reported concerns that there was nowhere sanitary to clean cuts, the missing van keys requiring her to take patients to the hospital in her own car, as well as a lack of privacy for patients in the nursing office. Plaintiff also reported that she was concerned of the layout of the office, as nurses would not be able to get out if there was a hostile employee.

16.    On May 8, 2023, Plaintiff emailed her supervisor and human resources stating that she had a call-in which is supposed to be paid at a minimum of 4 hours, which she was only given 3 hours for. Plaintiff's supervisor responded that because Plaintiff was using her vacation time during the call-in, she was only going to get paid for the time she was at the office. There were multiple incidences throughout Plaintiff's employment with Koch Foods where she was not paid in full for call-ins.

17.    On May 8, 2023, Plaintiff was sexually assaulted by a Koch Foods employee who came to the nursing office during her shift as follows: An employee came into the nursing office for a work injury. While Plaintiff had her back turned to the patient/employee to get a cup for a urine sample, the patient/employee stood up and placed his penis between Plaintiff's butt cheeks, placed his left hand on Plaintiff's butt/hip area, and wrapped his other hand around Plaintiff's waist. The patient/employee then moved his hand from Plaintiff's waist to between her breasts, kissed Plaintiff's neck and whispered, "can you help me with the test?"

18.    Following the May 8, 2023 incident, Koch Foods continued to fail to implement safety measures to protect nurses, especially the night shift nurses who were often alone in the office during their shifts.

19.    After Plaintiff reported the sexual assault to her supervisor, Tasha Hanners, HR Supervisor Donna Gardner, Safety Manager Peggy Golden, and HR Manager Randy Cisne, Plaintiff was no longer allowed to be in the nurse office unsupervised, although other employees were allowed to be unsupervised in their offices.

20.    On May 15, 2023, Plaintiff was required to sign a "final warning" disciplinary action for the sexual assault that occurred on May 8, 2023. This document required her agreement not to be alone in the nursing office. For the remainder of Plaintiff's employment with Koch Foods, she was the only nurse disciplined for not having supervision in the nurse office because of the sexual assault. Plaintiff had received no prior warnings or write-ups related to the incident.

21.    On September 5, 2023, Plaintiff complained about her work hours being changed again, as they had been changed multiple times since Ms. Hanners became Plaintiff's supervisor. Plaintiff also reported concerns that her supervisors had added more work to her job duties, she no longer received call-in pay, and was expected to come in for mandatory 15-minute meetings on her scheduled days off. Plaintiff had been required to perform the duties of the night safety employee in

addition to her own job duties because Koch Foods moved him to say shift to make the job easier on the day shift nurses.

22.    On February 2, 2024, Plaintiff reported concerns that human resources *again* wanted to hire an employee who was supposed to be on the no hire list. Plaintiff reported concerns that the list either did not exist or was not being checked before hiring.

23.    On May 5, 2024, a Koch Foods employee reported a back injury. On May 7, 2024, Plaintiff reported that the injured employee was favoring his right leg. Plaintiff informed employee that protocol is to wait 3-5 days to allow a muscle strain to heal. On May 8, 2024, the injured employee returned to the nursing office with severe pain, wearing house shoes, and crying. Plaintiff sent the employee home as "extra help" and told his wife, at the instruction of Plaintiff's supervisors, not to take the employee to the emergency room. On May 8, 2024, Plaintiff received an email from her supervisor questioning why the injured employee clocked out after only 10 minutes on the clock and why Plaintiff was seen walking the injured employee to his car. Plaintiff responded that the employee could not work and that instructions given to her were to discuss with "Hawk" and to do her best. Plaintiff stated that she walked him to the car because he was not capable of getting into the car on his own.

24.     On May 9, 2023, Plaintiff sent an email to her supervisor requesting information on worker's compensation for mental health issues caused by working environment.

25.     On May 10, 2024, after accusations that Plaintiff was alone in the nursing office with an employee, Plaintiff sent an email to her supervisor stating that she went back to check, and James was in the office with her for the entire time. Plaintiff requested that they look back at the tapes because there was someone in the office with her.

26.     On May 14, 2024, Plaintiff emailed Donna Gardner and stated that an employee had come into the office with a work excuse. Before the employee came in, Plaintiff was told by "Tamisha", the night shift shipping supervisor, to keep her eyes open. When the employee came into the office, Plaintiff could smell marijuana on him. Plaintiff informed the employee that he needed to go home if he had smoked marijuana. The employee became upset and said that he was just turning in an excuse. Plaintiff let the employee know that he would be reported if he tried to go to work while high. Plaintiff called Tamisha three times but was unable to reach her. Plaintiff then went and found Tamisha in the Human Resources office and informed her that if she was doing reasonable suspicion for the employee, Tamisha needed to bring Plaintiff the paperwork.

27.    On May 14, 2024, Plaintiff sent an email to Donna Gardner requesting a meeting to speak with Ms. Gardner and Mr. Cisne. Plaintiff reported her concerns that she was suspended a few days after she sent an email to her supervisor questioning things going on in the department.

28.    On May 15, 2024, Plaintiff sent an email to Donna Gardner requesting a meeting before the determination of the status of her employment. Plaintiff reported that after requesting information about worker's compensation for mental health, her email was forwarded to Tracy. Tracy informed Plaintiff that her personal doctor would have to take her off work. Plaintiff responded that Peggy and Tasha were making her job impossible. That night, Plaintiff also received an email questioning her sick time. Plaintiff also reported that she is not being paid as agreed upon when she was hired. Plaintiff also reported concerns that she was retaliated against after questioning whether it was HIPAA compliant to have a supervisor, safety tech, human resources, or other employees in the nursing office with nurses to hear their employees' medical information as well as concerns that she was retaliated against because the employee with the back injury could not work. Plaintiff reported further concerns that employees continue to be hired when they are supposed to be on the no hire list. Plaintiff stated that she tried to follow the chain of command in reporting her concerns regarding safety and that it failed her.

29.    On May 20, 2024, Plaintiff's employment with Koch Foods was terminated with one of the contributing factors being that supervisors had determined after looking at security footage that Plaintiff was alone in the nurse office without supervision, a rule that was implemented to penalize Plaintiff for reporting a sexual assault. Plaintiff was not alone in the nurse office and Koch Foods refused to allow her to prove that she had a supervisor present on the occasion in question. Plaintiff received her official termination letter on May 21, 2024.

30.    Plaintiff filed a Complaint with the U.S. Equal Employment Opportunity Commission in August 2024. Plaintiff received a Right to Sue Notice on September 5, 2024. *(See Exhibit A – EEOC Dismissal of Charge and Notice of Right to Sue).*

## COUNT ONE
## SEX DISCRIMINATION

31.    Plaintiff realleges the foregoing paragraphs as though fully set forth herein.

32.    Plaintiff is a member of a protected class on the basis of sex. She is a woman.

33.    Plaintiff, in all respects, was performing her job in a manner that was consistent with Koch Foods' legitimate business expectations.

34.    Koch Foods discriminated against Plaintiff as described above, including but not limited to harassing her, subjecting her to a hostile work environment, retaliating against her for reporting a sexual assault, and firing her.

35.    Koch Foods' actions were taken with a willful and wonton disregard of Plaintiff's rights under Title VII.

36.    As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, other consequential damages, and lost wages.

## COUNT TWO
## SEXUAL HARRASSMENT – HOSTILE WORK ENVIRONMENT

37.    Plaintiff realleges the foregoing paragraphs as though fully set forth herein.

38.    At all times relevant herein, Plaintiff was a female employee protected from harassment in employment on the basis of her gender.

39.    At all times relevant herein, Defendants participated in the harassment of Plaintiff by its harassing, discriminatory, and retaliatory behavior toward Plaintiff as alleged herein and/or substantially assisted, encouraged, and condoned the continued harassment toward Plaintiff by creating a hostile work environment and retaliating against Plaintiff for reporting a sexual assault.

40.     Defendants subjected Plaintiff to severe and/or pervasive harassment of a sexual manner that a reasonable woman in Plaintiff's position would have found the environment to be hostile and abusive. The behavior was unwanted, without Plaintiff's consent, objected to, and offensive to Plaintiff. The sexual harassment continued throughout Plaintiff's employment each time policies were enforced against Plaintiff in response to her report of sexual harassment.

41.     As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, other consequential damages, and lost wages.

## COUNT THREE
## WRONGFUL TERMINATION

42.     Plaintiff realleges the foregoing paragraphs as though fully set forth herein.

43.     At all times relevant herein, Plaintiff was a female employee protected from harassment in employment on the basis of her gender.

44.     Defendants wrongfully terminated Plaintiff's employment as a result of her protected act of reporting sexual harassment. Defendants implemented policies directed at, and applied only to, Plaintiff in retaliation for her report of sexual harassment. Defendants terminated Plaintiff's employment with Koch Foods due to alleged noncompliance with these discriminatory policies.

45.     As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, other consequential damages, and lost wages.

WHEREFORE, Plaintiff demands judgment against the Defendants for any and all damages available under the law, plus costs, and demands trial by jury of all issues so triable.

## COUNT FOUR
## NEGLIGENCE

46.     Plaintiff realleges the foregoing paragraphs as though fully set forth herein.

47.     Negligence is the failure to use reasonable care, which is the care that a reasonably careful employer would use under like circumstances.

48.     Negligence in the instant matter is sexually harassing, providing an unsafe work environment despite reported concerns from employees, condoning harassment, failing to maintain proper documentation on employees who should not be rehired for safety reasons, condoning retaliation against protected employees for protected actions which a reasonably prudent employer would not do under like circumstances or failing to do something that a reasonably prudent employer would do under like circumstances.

49.    The Defendants failed to use the reasonable care that a reasonably prudent employer would have used under like circumstances.

50.    The Defendants negligently breached their duties of care to the Plaintiff in one or more of the following ways:

a.   Failing to use and apply employment policies to protect employees from retaliation for protection actions, such as reporting sexual harassment;

b.   Failing to take adequate corrective action or preventive action;

c.   Failing to provide a safe working environment for employees;

d.   Failing to maintain records and documentation to prevent the rehiring of prior employees who created an unsafe working environment;

e.   Failing to implement policies and procedures that effectively allow employees to report concerns and receive a timely response; and

f.   Other acts of negligence to be determined through discovery.

51.    As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, other consequential damages, and lost wages.

WHEREFORE, Plaintiff demands judgment against the Defendants for any and all damages available under the law, plus costs, and demands trial by jury of all issues so triable.

16

## COUNT FIVE
## NEGLIGENT HIRING, RETENTION, TRAINING, AND SUPERVISION

52.    Plaintiff realleges the foregoing paragraphs as though fully set forth herein.

53.    Defendants negligently hired, retained, trained, and/or supervised the supervisors, managers, human resources employees, and other Koch Foods employees who interacted with Plaintiff.

54.    As a direct and proximate result of said negligent hiring, retention, training, and supervision, Plaintiff has suffered humiliation, degradation, emotional distress, other consequential damages, and lost wages.

WHEREFORE, Plaintiff demands judgment against the Defendants for any and all damages available under the law, plus costs, and demands trial by jury of all issues so triable.

## COUNT SIX
## VICARIOUS LIABILITY (ACTUAL AGENCY)

55.    At all times material to the allegations and claims in this Complaint, Defendant Koch Foods, Inc. acted as principal to Defendants Koch Foods of Alabama, LLC and Koch Foods of Ashland, LLC, as it was the 100% owner of Defendant Koch Foods of Alabama, LLC which was the 100% owner of Koch Foods of Ashland, LLC and exercised and/or retained the right to exercise extensive and

continuous control over Defendants Koch Foods of Alabama, LLC and Koch Foods of Ashland, LLC.

56.     At all times material to the allegations and claims in this Complaint, Defendants Koch Foods of Alabama, LLC and Koch Foods of Ashland, LLC were agents of Defendant Koch Foods, Inc., as they acted on behalf of and/or under the control of Defendant Koch Foods, Inc.

57.     As detailed in the preceding paragraphs, Defendants Koch Foods of Alabama, LLC and Koch Foods of Ashland, LLC breached their duty of care to Plaintiff in numerous ways.

58.     As a proximate result of the acts or omissions of Defendants Koch Foods of Alabama, LLC and Koch Foods of Ashland, LLC set out in the paragraphs above, Plaintiff was damaged.

59.     Because of their extensive and continuous control over Defendants Koch Foods of Alabama, LLC and Koch Foods of Ashland, LLC, Defendant Koch Foods, Inc. is vicariously liable for all injuries, damages, and losses that resulted from the aforementioned acts or omissions of Defendants Koch Foods of Alabama, LLC and Koch Foods of Ashland, LLC.

WHEREFORE, Plaintiff demands judgment against the Defendants for any and all damages available under the law, plus costs, and demands trial by jury of all issues so triable.

## COUNT EIGHT
## VICARIOUS LIABILITY (APPARENT AGENCY)

60.    At all times material to the allegations and claims in this Complaint, Defendant Koch Foods, Inc. acted as principal to Defendant Koch Foods of Alabama, LLC and Koch Foods of Ashland, LLC, as it was the 100% owner of Defendant Koch Foods of Alabama, LLC who was the 100% owner of Koch Foods of Ashland, LLC, and exercised and/or retained the right to exercise extensive and continuous control over Defendants Koch Foods of Alabama, LLC and Koch Foods of Ashland, LLC.

61.    At all times material to the allegations and claims in this Complaint, Defendant Koch Foods, Inc. has held out Defendants Koch Foods of Alabama, LLC and Koch Foods of Ashland, LLC as its subsidiary and/or as one of its family of chicken production brands and as its apparent agent in several ways including, but not limited to, the following, at all times material hereto:

      a.  Koch Foods, Inc. is the record owner of Koch Foods of Alabama, LLC which is the record owner of Koch Foods of Ashland, LLC.

      b.  At least some employees or agents who work on policies and procedures, hiring, terminating employees, and record keeping are employees of Koch Foods, Inc., Koch Foods of Alabama, LLC, and Koch Foods of Ashland, LLC.

      c.  Koch Foods, Inc., Koch Foods of Alabama, LLC, and Koch Foods of Ashland, LLC are each included as either insureds or additional insureds on the same insurance policies that would provide coverage for the claims alleged in this Complaint.

19

    d.   Koch Foods, Inc., Koch Foods of Alabama, LLC, and Koch Foods of Ashland, LLC are so intertwined contractually for each other's liabilities that they are essentially one entity.

    e.   Koch Foods of Ashland, LLC utilizes the Koch Foods, Inc. logo on their Facebook page, letterheads, and advertising, signaling that they are a subsidiary of or affiliated with Koch Foods, Inc.

62.    At all times material, the facts outlined above were made known to the public, including the Plaintiff, intentionally and/or by lack of reasonable care.

63.    As a result of the numerous and pervasive facts outlined above, the Plaintiff had a reasonable belief that Defendant Koch Foods of Ashland, LLC had the authority to operate on behalf of, and for the benefit of, Koch Foods, Inc.

64.    As a further result of the numerous and pervasive facts of agency outlined above, the Plaintiff had a reasonable belief that Defendant Koch Foods, Inc. exercised and/or retained the right to exercise extensive and continuous control over Defendants Koch Foods of Ashland, LLC and Koch Foods of Alabama, LLC.

65.    As detailed in the preceding paragraphs, Defendants Koch Foods of Ashland, LLC and Koch Foods of Alabama, LLC breached their duty of care to Plaintiff in numerous ways.

66.    As a proximate result of the aforementioned acts or omission of Defendants Koch Foods of Ashland, LLC, and Koch Foods of Alabama, LLC, Plaintiff was damaged.

67.     Because of the numerous and pervasive facts of the agency outlined above, Defendant Koch Foods, Inc. is vicariously liable for all injuries, damages, and losses that resulted from the aforementioned acts or omissions of Defendants Koch Foods of Ashland, LLC and Koch Foods of Alabama, LLC.

WHEREFORE, Plaintiff demands judgment against the Defendants for any and all damages available under the law, plus costs, and demands trial by jury of all issues so triable.

### COUNT NINE
### VICARIOUS LIABILITY (JOINT VENTURE)

68.     At all times material to the allegations and claims in this Complaint, Defendant Koch Foods, Inc. acted as principal to Defendant Koch Foods of Alabama, LLC and Koch Foods of Ashland, LLC, as it was the 100% owner of Defendant Koch Foods of Alabama, LLC who was the 100% owner of Koch Foods of Ashland, LLC, and exercised and/or retained the right to exercise extensive and continuous control over Defendants Koch Foods of Alabama, LLC and Koch Foods of Ashland, LLC.

69.     As a result of Defendant Koch Foods, Inc.'s ownership of Defendants Koch Foods of Alabama, LLC and Koch Foods of Ashland, LLC, at all times material to the allegations and claims in this Complaint, Defendant Koch Foods, Inc. and Defendants Koch Foods of Alabama, LLC and Koch Foods of Ashland, LLC were engaged in a joint venture in the poultry growing, manufacturing and

distribution process, with a joint control or joint right of control over the processing of poultry, a joint proprietary interest over the processing of poultry, a joint right to share in the profits from the processing of poultry, and a joint duty to share in the losses from the processing of poultry.

70.    As detailed in the preceding paragraphs, Defendants Koch Foods of Alabama, LLC and Koch Foods of Ashland, LLC breached its duty of care to Plaintiff in numerous ways.

71.    As a proximate result of the aforementioned acts or omissions of Defendants Koch Foods and Alabama, LLC and Koch Foods of Ashland, LLC, Plaintiff was damaged.

72.    Because of its joint venture with Defendants Koch Foods of Alabama, LLC and Koch Foods of Ashland, LLC, Defendant Koch Foods, Inc. is vicariously liable for all injuries, damages, and losses that resulted from the aforementioned acts or omissions of Defendants Koch Foods of Alabama, LLC and Koch Foods of Ashland, LLC.

WHEREFORE, Plaintiff demands judgment against the Defendants for any and all damages available under the law, plus costs, and demands trial by jury of all issues so triable.

## COMBINING AND CONCURRING CONDUCT

73.    The conduct of the Defendants as described in this Complaint combined and concurred to cause Plaintiff's damages.

WHEREFORE, Plaintiff demands judgment against the Defendants for any and all damages available under the law, plus costs, and demands trial by jury of all issues so triable.

## DEMAND FOR JURY TRIAL

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

 /s/ M. Todd Wheeles
M. Todd Wheeles
*Attorneys for Plaintiff*

**OF COUNSEL:**
**Wheeles & Garmon, Attorneys at Law**
5000 Southlake Park, Suite 150
Birmingham, Alabama 35244
Telephone:  (205) 593-4934
Fax: (205) 593-4972
Email:  todd@wheelesgarmonattorneys.com

## DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:

**KOCH FOODS, INC.**
**1300 West Higgins Road, Suite 100**
**Park Ridge, Illinois 60068**

**KOCH FOODS OF ALABAMA, LLC**
**c/o CT Corporation System**
**2 North Jackson Street, Suite 605**
**Montgomery, AL 36104**

23

**KOCH FOODS OF ASHLAND, LLC**
**c/o CT Corporation System**
**2 North Jackson Street, Suite 605**
**Montgomery, AL 36104**