# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **PAMELA MCCULLERS,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 1:24-cv-01496-RDP |
| **KOCH FOODS OF ALABAMA, LLC, et al.,** | } |
| **Defendants.** | } |

## ORDER

Before the court is Defendants' Opposed Motion to Extend Responsive Pleading Deadline. (Doc. # 4). Plaintiff has conditioned her consent to the extension on a promise that no motion to dismiss will be filed in response to the complaint. (*Id.*).

There is generally no good reason that an extension such as this should be opposed, let alone denied. The Golden Rule—do unto others as you would have them do unto you—is not just a good rule of thumb for everyday life. It is a critical component of legal professionalism. Sadly, in recent years compliance with the rule is becoming rarer and rarer in the litigation arena. It is time to reverse that trend, even if it is only in this case.

Here, Plaintiff's counsel's conditioning of any agreement to an extension was wholly inappropriate, particularly in light of the looming Thanksgiving holiday. Such nonsense wastes time, damages professional relationships, and makes the lawyer withholding consent (or conditioning it) appear petty and uncooperative. Judges rightly expect lawyers to handle minor procedural issues like extensions without unnecessary conflict, and refusing to do so is unprincipled.

Conditioning or denying consent to an extension in this way is fiddle-faddle for an additional reason: it rarely provides any legitimate strategic advantage. Everyone encounters unexpected delays, and extending professional courtesy really costs nothing. But, fostering goodwill by agreeing to short extensions could benefit counsel later in this case—or in future dealings with opposing counsel. The court's job is to address the merits of the case, not to navigate a world of technicalities. Refusing such a reasonable extension request stinks of petty gamesmanship. Professionalism demands that lawyers pick their battles wisely, and minor extension requests simply are not the place for unnecessary posturing.

Plaintiff's counsel's opposition is meritless. For these reasons, Defendants' Motion (Doc. # 4) is **GRANTED**. Defendants' answer or responsive pleading **SHALL** be filed **on or before January 6, 2025**.

Further, the court **ORDERS** that, **on or before December 31, 2024**, counsel for both Plaintiff and Defendants are to go to lunch together. Plaintiff's counsel will pay the bill; Defendants' counsel will leave the tip. The parties will discuss how they can act professionally throughout the rest of this case. **Within ten (10) days** of the lunch, the parties **SHALL** file a joint report describing the conversation that occurred at lunch *and the amount of the tip*.

**DONE** and **ORDERED** this November 26, 2024.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE