IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **PAMELA MCCULLERS**, an individual;<br><br>**Plaintiff**,<br><br>v.<br><br>**KOCH FOODS OF ALABAMA, LLC; KOCH FOODS OF ASHLAND LLC; KOCH FOODS, INC.; and FICTITIOUS PARTIES**<br><br>**Defendants.** | Civil Action No.<br><br>1:24-cv-01496-RDP |

### DEFENDANTS' OPPOSED MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED BRIEF IN SUPPORT

Plaintiff Pamela McCullers ("Plaintiff") filed an eight-count Complaint against Defendants Koch Foods of Alabama, LLC; Koch Foods of Ashland LLC; Koch Foods, Inc.; and nine fictitious parties (collectively, "Defendants"). [Doc. 1]. After a productive meet and confer session, Plaintiff has agreed to dismiss the alleged fictitious parties.

### I.   INTRODUCTION.

In Count One, Plaintiff asserts a cause of action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") for sex discrimination. However, nowhere in the Complaint does Plaintiff allege she was treated disparately because of her gender. In Count Two, Plaintiff asserts a sexual harassment claim pursuant to Title

VII. However, she fails to allege she was subjected to severe or pervasive sexual harassment. The only sexual harassment allegation is her untimely claim of inappropriate touching by a co-worker, an event that occurred on May 8, 2023—a year before Plaintiff's discharge and almost 15 months before she filed an EEOC charge. In Count Three, Plaintiff asserts "Wrongful Termination," a claim that is not recognized by Alabama law (or Title VII). Counts Four and Five assert negligence claims unsupported by Alabama law. Counts Six, Eight,[1] and Nine assert claims for vicarious liability. Vicarious Liability is a theory of liability, not a cause of action recognized under Alabama law, as is the stray "Combining and Concurring Conduct" allegation.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants submit this Motion to Dismiss and respectfully move this Court to dismiss Plaintiff's Complaint with prejudice.

## II.   LEGAL ARGUMENT.

### A.   Standard of Review on Motions to Dismiss.

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests whether a cognizable claim has been adequately

---

[1] Plaintiff does not assert a cause of action labeled "Count Seven." [Doc. 1 at 17–19].

stated in the complaint in compliance with Rule 8(a). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). To comply with Rule 8(a)(2), a complaint must be "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face where the plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plaintiff's allegations must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 335 U.S. 41, 47 (1957)). A court does not have to accept the legal conclusions in the complaint as true. *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (internal citation omitted).

      **B.**    **Count One Should Be Dismissed because Plaintiff Fails to Allege Different Treatment Based on her Sex.**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "provide enough factual matter (taken as true) to suggest intentional . . . discrimination." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (evaluating motion for default judgment while noting that applicable standard is "akin to that necessary to survive a motion to dismiss for failure to state a claim") (internal

citation omitted); *see also Henderson v. City of Birmingham*, 826 F. App'x 736, 740 (11th Cir. 2020) (applying rule in the context of motion to dismiss).

To maintain a gender discrimination claim, Plaintiff must allege facts sufficient to support a reasonable inference that Defendants took an adverse employment action against her based on her gender. *Berry v. Crestwood Healthcare LP,* 84 F.4th 1300, 1310 (11th Cir. 2023). In short, Plaintiff must do "more than state that [she] was in a protected class and that [she] suffered adverse employment decisions." *Carpenter v. Cnty. Sch. Bd.*, 107 Fed. Appx. 351, 351–52 (4th Cir. 2004). Plaintiff's Complaint does nothing more than that. She fails to allege any proper comparators, does not allege she was treated disparately compared to any similarly situated male employees, and does not allege any allegations of statements that would provide evidence of any intent to discriminate against her based on her gender.

In addition, Plaintiff fails to assert any allegation that she suffered any adverse employment action because of her gender. Plaintiff generally avers that "other employees" were allowed to be work unsupervised in their office, she was "the only nurse disciplined for not having supervision in the nurse [sic] office," and that her supervisor transferred the "night safety employee" to "make the job easier on the day shift nurses." [Doc. 1 at 8–9 (¶¶ 19–21)]. None of these allegations establish that any of the alleged individuals who were treated differently are male. Plaintiff

complains of treatment by her supervisor, Tasha Hanners, who is also a woman. She further claims that Hanners and "Peggy," two women, "were making her job impossible." [Doc. 1 at 11 (¶ 28)]. Allegations that women supervisors were allegedly mistreating Plaintiff provide no inference of gender discrimination.

     Moreover, although Plaintiff alleges that she was subjected to "retaliation" in Count One of her Complaint, she neither asserts a retaliation cause of action nor pleads the elements necessary to support a Title VII retaliation claim. A Title VII retaliation claim requires Plaintiff to show she (1) engaged in a statutorily protected activity, (2) suffered an adverse employment action, and (3) there is a causal relation between the events. *See, e.g.*, *Adams v. City of Montgomery*, 569 F. App'x 769, 772 (11th Cir. 2014). The only alleged activity protected by Title VII asserted in Plaintiff's Complaint is her report of an alleged inappropriate touching by a male co-worker on May 8, 2023. [Doc. 1 at 7 (¶ 17)]. Although Plaintiff uses the term "retaliation" throughout her Complaint, no other alleged report or complaint regards any alleged Title VII violation. *See Valdes v. Miami-Dade Coll.*, 463 F. App'x 843, 846 (11th Cir. 2012) (categorizing plaintiff's complaint of being overworked to defendant's human resources as a workplace complaint "unrelated to Title VII"); *Brush v. Sears Holdings Corp.*, 466 F. App'x 781, 787 (11th Cir. 2012) ("Disagreement with internal procedures does not equate with 'protected activity' opposing discriminatory activity."); *Wheatfall v. Bd. of Regents of Univ. Sys. of Ga.*,

9 F. Supp. 3d 1342, 1354 (N.D. Ga. 2014) ("[T]he Eleventh Circuit's case law makes clear that the anti-retaliation provision [of Title VII] does not protect plaintiffs who oppose conduct that cannot reasonably constitute discrimination . . . .").

As for alleged the alleged protected activity on May 8, 2023, this report occurred almost a year before Plaintiff's discharge, and as such, it cannot be the basis for a cognizable retaliation claim based on the termination of her employment. *See Walker v. Sec'y, U.S. Dep't of Air Force*, 518 F. App'x 626, 628 (11th Cir. 2013) (finding no temporal proximity and thus no causal connection when there was a three-month interval between plaintiff's "outspoken comments" to a supervisor and his subsequent denial of a promotion); *Henderson v. FedEx Express*, 442 F. App'x 502, 506 (11th Cir. 2011) ("If there is a delay of more than three months between the two events, then the temporal proximity is not close enough, and the plaintiff must offer some other evidence tending to show causation."); *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1182 (11th Cir. 2010) (finding an insufficient causal connection when there was a three-month gap between the protected activity and subsequent adverse employment actions); *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) ("A three to four month disparity between the statutorily protected expression and the adverse employment action is not enough.").

Plaintiff alleges no other materially adverse action for purposes of a retaliation claim following the alleged May 2023 report of inappropriate touching by a co-

worker. *See Crawford v. Carroll*, 529 F.3d 961, 974 (11th Cir. 2008) (recognizing that under *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006), in the context of a Title VII retaliation claim, a materially adverse action "means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination"). As such, Plaintiff failed to present sufficient allegations evidencing retaliatory treatment for the alleged May 2023 report, which is otherwise time-barred. *See infra.* § II.C.

At bottom, Plaintiff's largely conclusory allegations do not assert different treatment because of her sex, and they likewise do not reasonably suggest intentional discrimination. *See Berry*, 84 F.4th at 1310; *Surtain*, 789 F.3d at 1246; *Henderson*, 826 F. App'x at 740. Plaintiff's allegations do not rise to the pleading standards necessary to survive the present Rule 12(b)(6) motion. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 679.

  **C.** **Count Two Should Be Dismissed because Plaintiff Does Not Allege Sufficiently Severe and Pervasive Harassment.**

Plaintiff also fails to state a Title VII hostile work environment claim based on her sex because she has not alleged facts that, if true, plausibly infer the complained of conduct was sufficiently severe and pervasive. To consider whether harassment is severe or pervasive, courts consider the frequency of the conduct, the severity of the conduct, whether the conduct is physically threatening or humiliating as opposed to a mere offensive utterance, and whether the conduct unreasonably

interfered with the employee's job performance. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993) (*abrogated on other grounds by Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998)); *McMillan v. Postmaster Gen., U.S. Postal Serv.*, 634 F. App'x. 274, 277 (11th Cir. 2015). "Title VII is not a general civility code, and simple teasing[,] offhand comments, and isolated incidents . . . do not constitute a hostile work environment." *Guthrie v. Waffle House, Inc.*, 460 F. App'x 803, 806 (11th Cir. 2012) (distinguishing cases that did not state a claim where a few dozen comments or actions were spread out over an 11-month period from actionable cases where comments were made daily or several times a day).

Additionally, a plaintiff cannot transform discrete incidents or adverse employment actions, without more, into a hostile work environment claim. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114–16 (2002) (explaining that, unlike "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire," a hostile work environment claim addresses acts whose "very nature involves repeated conduct," such as "discriminatory intimidation, ridicule, and insult"). Importantly, "isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Knotts v. Univ. of N.C. at Charlotte*, 2011 WL 650493, at *7 (W.D.N.C. Feb. 10, 2011) (citing *Faragher v. Boca Raton*, 524 U.S. 775, 788 (1998)). Workplace disputes regarding workloads and reassignments, without more, do not constitute actionable

harassment. *See id.* at *7–8. Rather, a plaintiff must be able to show that her "workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive work environment . . . ." *Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 78 (1998) (citation omitted).

Plaintiff's Complaint alleges only workplace disputes—it does not allege a cognizable claim of sexual harassment. The only allegation that could be interpreted as an allegation of harassment because of sex is Plaintiff's claim of an inappropriate touching by a co-worker in May 2023. [Doc. 1 at 7 (¶ 17)]. However, even if this allegation arises to the level of severe or pervasive sexual harassment, which clearly it does not, it was a discrete event and Plaintiff failed to timely file a charge of discrimination. A charge of discrimination must be filed with the Equal Employment Opportunity Commission within 180 days of the alleged sexual harassment. 42 U.S.C. § 2000e-5(e). Plaintiff asserts in her Complaint that she did not file a charge of discrimination with the EEOC until August 2024, almost 15 months after the alleged harassment occurred. [Doc. 1 at 12 (¶ 30)].

> **D.   Count Three Should Be Dismissed Because the At-Will Doctrine Bars Plaintiff's Wrongful Termination Claim.**

Count Three of Plaintiff's Complaint brings a cause of action for "Wrongful Termination." [Doc. 1 at 14]. Plaintiff does not specify any law her alleged termination allegedly violated. [*Id.*]. "To the extent plaintiff intends to assert a state

9

law tort claim for wrongful termination, that claim is barred by the Alabama doctrine of employment-at-will." *Pruitt v. Charter Commc'ns*, 2019 WL 1199837, at *8 (N.D. Ala. Mar. 14, 2019), *aff'd sub nom. Pruitt v. Charter Commc'ns, Inc.,* No. 21-10049, 2022 WL 424875, at *3 (11th Cir. Feb. 11, 2022) (citing *Barton v. Ala. Electric Co-op., Inc.*, 487 So. 2d 884, 885 (Ala. 1986)). "[I]n the absence of a contract calling for employment for a particular length of time, any wrongful termination claim is barred by Alabama's employment-at-will doctrine." *Barton*, 487 So. 2d at 885 (citation omitted). Plaintiff's Complaint does not allege an employment contract for a particular length of time; thus, her wrongful termination claim must be dismissed.

  **E. Count Four Should be Dismissed because Plaintiff's Negligence Claim is Largely Subsumed by Title VII and Otherwise Fails to Establish Recognized Legal Duties Under Alabama Law.**

Plaintiff's negligence claim cannot survive a Rule 12(b)(6) analysis. A plaintiff bringing a negligence cause of action must allege four elements: (1) duty, (2) breach, (3) causation, and (4) damages. *See, e.g.*, *Martin v. Arnold*, 643 So. 2d 564, 567 (Ala. 1994) (citing *Albert v. Hsu*, 602 So. 2d 895, 897 (Ala. 1992)). "The existence of a legal duty is a question of law for the court; 'where there is no duty, there can be no negligence.'" *Albert*, 602 So. 2d at 897 (citing *Rose v. Miller & Co.*, 432 So. 2d 1237, 1238 (Ala. 1983)).

Title VII subsumes Plaintiff's negligence claims. *See James v. Montgomery Reg'l Airport Auth.*, 2016 WL 4414843, at *2 (M.D. Ala. June 16, 2016), *report and recommendation adopted*, 2016 WL 4435687, at *1 (M.D. Ala. Aug. 17, 2016) (dismissing plaintiff's negligence claim premised upon racial discrimination against defendant-employer because, inter alia, "Congress passed Title VII precisely because existing common-law mechanisms for preventing workplace discrimination were inadequate") (internal citation omitted); *Vernon v. Medical Mgmt. Assocs. of Margate, Inc.*, 912 F. Supp. 1549, 1563–64 (S.D. Fla. 1996) (dismissing a plaintiff's claim for negligent retention and negligent supervision because the underlying misconduct alleged in the portion of the complaint that sought relief for negligent supervision or retention was merely sexual harassment); *Yeary v. State of Fla. Dept. of Corrs.*, 1995 WL 788066, at *2 (M.D. Fla. 1995) (dismissing negligence claim based upon employer's alleged failure to adequately supervise its employees or undertake an investigation in response to sexual harassment complaint).

To the extent any negligence claim asserted by Plaintiff is not subsumed by Title VII, Plaintiff does not allege any breach of a duty recognized by Alabama law. Plaintiff's Complaint alleges Defendants breached their alleged duties of care to Plaintiff in five specific ways: (1) "[f]ailing to use and apply employment policies to protect employees from retaliation for protection actions, such as reporting sexual harassment;" (2) "[f]ailing to take adequate corrective action or preventive action;"

11

(3) "[f]ailing to provide a safe working environment for employees;" (4) "[f]ailing to maintain records and documentation to prevent the rehiring of prior employees who created an unsafe working environment;" and (5) "[f]ailing to implement policies and procedures that effectively allow employees to report concerns and receive a timely response." [Doc. 1 at 16 (¶ 50)].[2]

Alabama does not recognize any duty for an employer to implement employment policies, respond properly to alleged complaints of alleged harassment or discrimination, provide a workplace safe from any alleged harassment or discrimination, or to maintain employment records or documents. *See, e.g.*, *Stevenson v. Precision Standard, Inc.*, 762 So. 2d 820, 825 (Ala. 1999) (discussing investigating sexual harassment claims and determining the Supreme Court of Alabama "decline[d] to extend [its] holdings to recognize a cause of action based on an employer's negligence or wantonness in investigating a claim, independent of proof of wrongful conduct of an employee.").

Moreover, under Alabama law, all "actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years." Ala. Code § 6-2-38(*l*). Plaintiff filed her

---

[2] Plaintiff also alleges a catchall breach of duty: "[o]ther acts of negligence to be determined through discovery," which is too vague to survive the present Rule 12(b)(6) motion. [Doc. 1 at 16 (¶ 50)]. *See Iqbal*, 556 U.S. at 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)) (internal citations omitted).

12

Complaint on November 1, 2024, thus any allegations relating to her negligence claim predating November 1, 2022, are time-barred. [Doc. 1 at 4–7 (¶¶ 7–15)]. To the extent Plaintiff relies on the time-barred allegations in paragraphs 7–15 in her Complaint, she cannot do so. The remaining, limited allegations purportedly underlying her negligence claim do not adequately support the cause of action.

In sum, Plaintiff's negligence claim fails to state a claim upon which relief can be granted, and this Court should dismiss it.

    **F.**    **Count Five Should be Dismissed because Plaintiff's Negligent Hiring, Training, Retention, and Supervision Claim Does Not Allege an Allegedly Incompetent Employee Committed an Underlying Tort.**

Plaintiff's Count Five inadequately pleads her negligent hiring, retention, training, and supervision claim. "[T]o prove a claim under Alabama law for . . . negligent hiring, negligent supervision or negligent retention, a plaintiff must demonstrate that the employer knew, or in the exercise of ordinary care should have known, that its employee was incompetent." *Clisby v. HP Inc.*, No. 2:21-CV-01147-AKK, 2022 WL 1063243, at *9 (N.D. Ala. Apr. 8, 2022) (*quoting Buckentin v. SunTrust Mortg. Corp.*, 928 F. Supp. 2d 1273, 1288 (N.D. Ala. 2013)). "In order to establish a claim against an employer for negligent supervision, training, and/or retention, the plaintiff must establish that the allegedly incompetent employee committed a common-law, Alabama tort." *Hand v. Univ. of Ala. Bd. of Trs.*, 304 F. Supp. 3d 1173, 1183 (N.D. Ala. 2018) (quoting *Thrasher v. Ivan Leonard Chevrolet,*

13

*Inc.*, 195 F. Supp. 2d 1314, 1320 (N.D. Ala. 2002)). "Alabama law does not recognize a cause of action against a supervisor for that supervisor's negligent training or supervision or a subordinate." *Id.* at 1183 (citing *Doe v. City of Demopolis*, 799 F. Supp. 2d 1300, 1312 (S.D. Ala. 2011)).

Plaintiff's Count Five does not allege an employee committed an underlying tort causing Plaintiff injury. Instead, the three-paragraph cause of action legally concludes "Defendants negligently hired, retained, trained, and/or supervised the supervisors, managers, human resources employees, and other Koch Foods employees who interacted with Plaintiff," and as a "direct and proximate result of said negligent hiring, retention, training, and supervision, Plaintiff has suffered humiliation, degradation, emotional distress, other consequential damages, and lost wages." [Doc. 1 at 17 (¶¶ 52–54)]. These legal conclusions further fail to allege some specific employee(s) of some Defendant(s) who allegedly committed any specific underlying tort. [*Id.* at 17 (¶¶ 52–54)]. This Court should dismiss Plaintiff's Count Five.

### G.  Counts Six, Eight, and Nine Should Be Dismissed because Vicarious Liability is Not a Standalone Cause of Action.

Vicarious liability "is not a cause of action." *Billingsley v. Mike Schmitz Auto. Grp., Inc.*, 2014 WL 4230012, at *2 n.3 (M.D. Ala. Aug. 26, 2014). It is a theory of liability, which is distinct from a cause of action. *Wells v. Baity Bros. Trucking, Inc.*, 2021 WL 9565488, at *5 (N.D. Ala. June 11, 2021). Alabama common law provides

that under the doctrine of vicarious liability, an "employer [may be] vicariously liable for acts of its employee that were done for the employer's benefit, i.e., acts done in the line and scope of employment or for acts done for the furtherance of the employer's interest." *Potts v. BE & K Const. Co.*, 604 So. 2d 398, 400 (Ala. 1992).

Counts Six, Eight, and Nine of Plaintiff's Complaint are "Vicarious Liability (Actual Agency," "Vicarious Liability (Apparent Agency)," and "Vicarious Liability (Joint Venture)," respectively. [Doc. 1 at 17–22 (¶¶ 55–72)]. Plaintiff's improperly pled theories of liability do not attempt to hold any Defendant-employer liable for any employee's "acts done in the line and scope of employment or for acts done for the furtherance of the employer's interest." *Potts*, 604 So. 2d at 400. [Doc. 1 at 17–22 (¶¶ 55–72)]. Instead, Plaintiff's theories of liability attempt to hold Defendants liable for "breach[ing] their duty of care to Plaintiff in numerous ways." [*Id.*]. Regardless, vicarious liability is a theory of liability rather than a cause of action and should thus be dismissed pursuant to Rule 12(b)(6).

Similarly, the Complaint's stray heading and lone allegation regarding "Combining and Concurring Conduct" [Doc. 1 at 23] does not state a plausible claim for relief under Alabama law. *See Southall v. Allstate Vehicle and Prop. Ins. Co.*, No.: 2024 WL 3183228, at *5 (S.D. Ala. June 26, 2024) (holding the complaint's cause of action for combined and concurring conduct "does not state a plausible claim for relief that is cognizable under Alabama law") (internal citation omitted).

"The court is not aware of an independent cause of action under Alabama law for combined injury. As a result, the court does not treat this allegation as an independent cause of action . . . ." *Steel v. Viscofan USA, Inc.*, 2017 WL 253960, at *1 n.2 (M.D. Ala. Jan. 19, 2017). Like the misplead causes of action for vicarious liability, this Court should dismiss the Complaint's attempt to allege combining and concurring conduct.

### III.    CONCLUSION.

Plaintiff's Complaint fails to state any cognizable claim under Title VII. Moreover, her alleged claims of wrongful termination and negligence are not recognized under Alabama law, and her negligent hiring, retention, training, and supervision claim has no leg to stand on. Finally, her claims of vicarious liability and combining and concurring conduct are theories of liability, not free-standing claims. Because Plaintiff fails to state any claim upon which relief may be granted, this Court should grant Defendants' Motion to Dismiss with Prejudice.

WHEREFORE, Defendants respectfully request that this Court enter an Order Dismissing with Prejudice Plaintiff's Complaint.

Respectfully submitted,

s/*Janell M. Ahnert*
Janell M. Ahnert
Tucker D. Crain

Attorneys for Defendants

**OF COUNSEL:**
**LITTLER MENDELSON, P.C.**
420 20th Street North, Suite 2300
Birmingham, AL  35203-3204
Telephone:  205.421.4700
Facsimile:   205.421.4699
jahnert@littler.com
tcrain@littler.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on January 6, 2024, a true and correct copy of the foregoing pleading was filed with the Court using the CM/ECF filing system and mailed via U.S. Mail to the following:

M. Todd Wheeles
Maggie L. Martin
**Wheeles & Garmon, Attorneys at Law**
5000 Southlake Park, Suite 150
Birmingham, AL 35244
Telephone: (205) 593-4934
Fax: (205) 593-4972
todd@wheelesgarmonattorneys.com
maggie@wheelesgarmonattorneys.com


                                              s/*Janell M. Ahnert*
                                              OF COUNSEL